EXHIBIT C

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
(Northern Division)

| | |
|---|---|
| ASHLEY MCDANIELS, *et al.* | |
| Plaintiffs, | |
| v. | |
| WESTLAKE SERVICES, LLC D/B/A WESTLAKE FINANCIAL SERVICES | Case No. 1:11-cv-1837-BEL |
| Defendant. | |

**ORDER PRELIMINARILY APPROVING SETTLEMENT, CERTIFYING CLASSES FOR SETTLEMENT PURPOSES, APPOINTING CLASS COUNSEL AND SETTLMENT ADMINISTRATOR, AND SETTING SCHEDULE WITH RESPECT TO NOTICE, SETTLEMENT HEARING AND ADMINISTRATION**

After review and consideration of the Settlement Agreement (the "Agreement") dated January 19, 2012, relating to claims raised against Defendant Westlake Services, LLC d/b/a Westlake Financial Services ("Westlake"), and upon application of Representative Plaintiff Ashley McDaniels ("Representative Plaintiff"), with good cause appearing, THIS COURT FINDS and ORDERS as follows:

1. The terms of the Agreement, and the Settlement provided for therein, are preliminarily approved as fair, reasonable and adequate, subject to further consideration thereof at the Fairness Hearing described at Paragraph 20 of this Order.

2. The definitions set forth in the Agreement are hereby incorporated by reference into this Order.

3. For purpose of this Settlement and without prejudice to the Defendant's right to contest class certification in the event that the proposed Settlement is not fully implemented, the Court hereby certifies the following Classes in accordance with the Agreement, and pursuant to FED. R. CIV. P. 23(a) and 23(b)(3):

*Repossession Class*

All persons whose consumer goods were repossessed by Westlake on or before July 22, 2011 in connection with a credit contract governed by Subtitle 10 of Title 12 of the Maryland Commercial Law Article.

*Interest Rate/Fee Class*

All persons who were charged interest at a rate greater than twenty-four percent (24%) and/or a convenience fee in connection with consumer credit contracts entered prior to July 22, 2011 that were financed by, assigned to, or acquired by Westlake and were governed by Subtitle 10 of Tile 12 of the Maryland Commercial Law Article.

Excluded from the Classes are those individuals who now are, or ever have been, an officer of Westlake as well as the spouses, parents, siblings and children of all such individuals.

4. For Settlement purposes only and without prejudice to the Defendant's right to contest class certification in the event that the proposed Settlement is not fully implemented, the Court finds, pursuant to the Agreement, that:

(a) the Classes are so numerous that joinder of all members is impracticable;

(b) there are questions of law or fact common to the Classes;

(c) the claims of the Representative Plaintiff are typical of the claims of the Classes that Representative Plaintiff seeks to certify; and

(d) Representative Plaintiff and her counsel will fairly and adequately protect the interests of the Classes.

The Court further finds that:

(e) the questions of law or fact common to the members of the Classes and which are relevant for Settlement purposes, predominate over the questions affecting only individual members; and

(f) certification of the Classes is superior to other available methods for the fair and efficient adjudication of this controversy.

5.  For the purpose of preliminary approval and all matters relating to the Settlement of this Action, and without prejudice to the Defendant's right to contest the appointment of Plaintiff as the Representative of the Classes and/or the appointment of Class Counsel in the event that the proposed Settlement is not fully implemented, until further order of the Court, Plaintiff Ashley McDaniels shall be the Representative of the Classes and Representative Plaintiff's counsel of record is appointed as counsel for the Classes. The law firm representing the Classes is:

> Cory L. Zajdel (Fed. Bar No. 28191)
> Z LAW, LLC
> 10811 Red Run Blvd., Suite 204
> Owings Mills, MD 21117

6.  The Casey Group, Ltd., 502 Washington Avenue, Suite 650, Towson, MD 21204 Telephone No. (410) 825-2226, is hereby appointed to serve as Settlement Administrator.

7.  Pursuant to the terms of the Agreement, Westlake is hereby directed to prepare and provide to the Settlement Administrator and Class Counsel a Class List within fourteen (14) business days of the later of (a) entry of this Order, and (b) the receipt by Westlake's counsel of written notice from the Settlement Administrator that it agrees to be bound by the confidentiality provisions in Section 20 of the Agreement.

8.  The Settlement Administrator shall comply with the provisions of the Agreement, maintain the confidentiality of the Class List and the Class Account Files and shall use the information contained in the Class List and the Class Account Files solely for purposes of implementing this Settlement and for no other purposes whatsoever.

9.  Within thirty (30) calendar days of entry of this Order, pursuant to the procedures detailed in the Agreement, Westlake is hereby directed to provide Class Counsel with true and accurate copies of a reasonable sample of the records of credit accounts of obligors who are

potential members of the Classes.

10. Within thirty (30) calendar days of the entry of this Order, pursuant to the procedures detailed in the Agreement, the Settlement Administrator shall provide notice of this Settlement and of the Fairness Hearing described below to all potential Class Members by mailing to each person identified on the Class List a copy of the Notice of Pendency of Class Action, Proposed Settlement and Hearing (the "Class Notice"), substantially in the form attached as Exhibit A to the Settlement Agreement.

11. All costs and expenses of printing, preparing and mailing the Class Notice, and the reasonable costs and expenses of the Settlement Administrator and other related administrative expenses shall be borne as set forth in the Agreement.

12. Prior to the Fairness Hearing described in paragraph 20 herein, Representative Plaintiff's counsel shall serve and file a sworn statement of the Settlement Administrator evidencing compliance with the provisions of this Order concerning the mailing of the Class Notice.

13. Notice to potential Class Members in accordance with the provisions of the Agreement and paragraph 10 herein is hereby found to be: (a) the best notice practicable under the circumstances, (b) due and sufficient notice of this Order to all persons affected by and/or entitled to participate in the Settlement, and (c) in full compliance with the notice requirement of FED. R. CIV. P. 23 and due process.

14. Any potential Class Member wishing to be excluded from the Classes shall mail a request for exclusion ("Request for Exclusion") to the Settlement Administrator, postmarked not later than ninety (90) days after entry of this Order and addressed to the Settlement Administrator, with copies to Class Counsel and Westlake's counsel. In order to be valid, the

Request for Exclusion must be signed and dated and include the potential Class Member's name, address, account number and the statement "I wish to opt out of the *McDaniels v. Westlake* class action" (or a substantially similar statement). Any potential Class Member who does not properly and timely request exclusion shall be included in one or both of the Classes as appropriate and shall be bound by any orders and judgments entered in the Action. The specific date and deadline for requesting exclusion by a potential Class Member shall be set forth in the Notice.

15. Not later than ninety-five (95) days after entry of this Order, the Settlement Administrator shall:

> (a) notify in writing Defendant's counsel and Class Counsel regarding the names of potential Class Members, if any, who request exclusion;
>
> (b) file with the Court a sworn statement listing all persons who have submitted timely requests for exclusion; and
>
> (c) provide copies of all Requests for Exclusion received by it to Defendant's counsel and Class Counsel. The originals of all Requests for Exclusion shall be retained by the Settlement Administrator unless and until such originals are delivered to Representative Plaintiff's counsel following the Settlement Effective Date.

16. To effectuate the Settlement and the Notice provided for herein, the Settlement Administrator shall lease and maintain a post office box of adequate size. Notice to the Class shall designate said post office box for Requests for Exclusion and for all purposes of communicating with the Settlement Administrator. The Settlement Administrator shall be responsible for the receipt of all Requests for Exclusion and other written communications from Class Members and shall preserve all such communications until administration is complete or further order of the Court. All written communications received from potential Class Members and all written responses to inquiries by potential Class Members relating to the Agreement and Settlement shall be available at all reasonable times for inspection and copying by Defendant's

counsel and Class Counsel, subject to further order of the Court if issues of privilege or confidentiality arise. Notice to potential Class Members shall designate the Settlement Administrator, Class Counsel and counsel for Defendant as the persons that shall receive Requests for Exclusion from potential Class Members.

17. In order to be deemed a Class Member entitled to participate in the Settlement as set forth in the Agreement, in the event that the Settlement is effected in accordance with all of the terms and conditions thereof, potential Class Members need not take any affirmative action, but shall not opt-out of or request exclusion from the Settlement.

18. All other events contemplated under the Agreement to occur after this Order and before the hearing described in paragraph 20 shall be governed by the Agreement to the extent not inconsistent with this Order.

19. Memoranda in support of the Settlement, petitions for attorney fees and reimbursement of expenses by Representative Plaintiff's counsel, requests for any Representative Plaintiff award and to approve a *cy pres* recipient shall be filed with the Clerk of the Court on or before one hundred ten (110) days from the entry of this Order.

20. A hearing (the "Fairness Hearing") shall be held before the undersigned at __3:00__ ~~a.m.~~/p.m. on __June 14_____, 2012 in the United States District Court for the District of Maryland - Northern Division, Garmatz Courthouse, 101 W. Lombard Street, Baltimore, MD 21201, to consider the fairness, reasonableness and adequacy of the proposed Settlement, the entry of any final order or judgment in the case, petitions for attorney fees and for reimbursement of expenses by Representative Plaintiff's counsel, and other related matters. This hearing may be postponed, adjourned or continued by order of the Court without further notice to the Classes.

21. Any Class Member who does not opt-out of the Settlement may appear at the Fairness Hearing in person or by counsel, if any appearance is filed and served as provided in the Notices, and will be heard to the extent allowed by the Court in support of, or in opposition to, the fairness, reasonableness and adequacy of the proposed Settlement, the entry of any final order or judgment in the case, petitions for attorney fees and for reimbursement of expenses by Representative Plaintiff's counsel, or other related matters. Provided, however, that no person shall be permitted to intervene or otherwise be heard in opposition to the proposed Settlement, and, if approved, the judgment entered thereon, or to the requested award of attorney's fees and reimbursement of expenses, and no papers or briefs submitted by any person shall be accepted or considered by the Court unless, not later than ninety (90) days after entry of this Order, such person has:

(a) filed with the Clerk of the Court a notice of such person's intention to intervene or otherwise appear together with a statement that indicates the basis for such intervention or opposition along with copies of any papers that the objector or intervenor intends to present to the Court in support of the objection or intervention;

(b) served copies of such notice, statement and documentation, together with copies of any other papers or briefs that such person files with the Court, either in person or by mail, upon Representative Plaintiff's counsel, and upon Defendant's counsel at the following addresses:

To Representative Plaintiff's Counsel:

    Cory L. Zajdel, Esq.
    Z LAW, LLC
    10811 Red Run Blvd., Suite 204
    Owings Mills, MD 21117

To Defendant's Counsel:

    Gerard J. Gaeng
    Rosenberg | Martin | Greenberg, LLP
    25 South Charles Street, Suite 2115
    Baltimore, Maryland 21201

(c) otherwise complied with the Agreement and Class Notice for purposes of

such hearing.

22. Any Class Member who does not object in the manner provided in this Order shall be deemed to have waived such objection and shall forever be foreclosed from making any objection to the fairness or adequacy of the proposed Settlement as incorporated in the Agreement, to the award of attorney fees and costs to Class Counsel and other related matters under consideration at the Fairness Hearing.

23. Pending the Fairness Hearing and a final determination of whether the Settlement should be approved, all potential members of the Classes certified preliminarily in this Order are hereby barred from commencing or prosecuting against any of the Released Parties any action, arbitration or proceeding in any court, arbitration forum or other tribunal asserting Released Claims, either directly, on a representative basis, or in any other capacity.

24. Pending the Fairness Hearing and a final determination of whether the Settlement should be approved, all proceedings in this Action other than those described herein (or other proceedings related to the effectuation of the Settlement) are hereby stayed.

25. If the proposed Settlement is not finally approved or implemented or if the Settlement is terminated for any reason whatsoever, the Settlement, and all proceedings in connection with the Agreement, including without limitation, all orders entered in connection with the proposed Settlement shall be without prejudice to the rights of the settling Parties, and all Orders issued pursuant to this proposed Settlement shall be vacated. In such an event, the Settlement and all negotiations, proceedings and statements made in connection with the proposed Settlement, including without limitation the Agreement, shall be null, void and without effect. Any settlement class that has been certified prior to termination or disapproval of the Settlement shall automatically be decertified at such termination or disapproval, without prejudice to Representative Plaintiff's right to file a new motion for class certification. No

evidence relating to settlement negotiations, proceedings, documents, or statements shall be used in any manner or for any purpose in any subsequent proceedings in this Action, or in any other proceeding between the Parties, and this Action shall revert to its status immediately prior to the execution of the Agreement, including but not limited to its status as a putative class action. Notwithstanding the foregoing, the provisions of Section 20(d) and 20(e) of the Agreement shall (a) survive any termination of the Agreement; (b) bind the Parties and the Settlement Administrator and their agents and counsel following termination of the Agreement; and (c) be enforceable by the Court following termination of the Agreement.

Dated: __February__ __3__, 2012.

_____
Benson Everett Legg
United States District Judge