FILED
U.S. DISTRICT COURT
DISTRICT OF MARYLAND

2014 FEB -7  P 5: 02

CLERK'S OFFICE
AT BALTIMORE

BY_____ DEPUTY

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
(Northern Division)

| | |
|---|---|
| ASHLEY MCDANIELS, *et al.* | |
| Plaintiffs, | |
| v. | |
| WESTLAKE SERVICES, LLC D/B/A WESTLAKE FINANCIAL SERVICES, et al. | Case No. 1:11-cv-1837-ELH |
| Defendants. | |

### FINAL ORDER AND JUDGMENT
### APPROVING SETTLEMENT AND CERTIFYING SETTLEMENT CLASSES

Upon review and consideration of the Settlement Agreement dated January 19, 2012, by and between the Representative Plaintiff Ashley McDaniels (acting individually and on behalf of the Classes defined below) and Defendant Westlake Services, LLC d/b/a Westlake Financial Services ("Westlake"), the memoranda submitted by counsel and arguments heard during the Fairness Hearing on February 7, 2014, and the lack of any objections to the settlement,

IT IS HEREBY ORDERED and adjudged as follows:

1.  Pursuant to FED. R. CIV. P. 23(e), the settlement of this action, as embodied in the terms of the Settlement Agreement is hereby finally approved as a fair, reasonable, and adequate settlement of this case in light of the factual, legal, practical and procedural considerations raised by this case. The Settlement Agreement is incorporated by reference into this Order (with capitalized terms defined as set forth in the Settlement Agreement) and is hereby adopted as an Order of this Court.

2.  For the purpose of settlement, as addressed further below, pursuant to FED. R. CIV. P. 23(a) and (b)(3), the Court hereby finally certifies the following Classes:

*Repossession Class*

All persons whose consumer goods were repossessed by Westlake on or before July 22, 2011 in connection with a credit contract governed by Subtitle 10 of Title 12 of the Maryland Commercial Law Article.

*Interest Rate/Fee Class*

All persons who were charged interest at a rate greater than twenty-four percent (24%) and/or a convenience fee in connection with consumer credit contracts entered prior to July 22, 2011 that were financed by, assigned to, or acquired by Westlake and were governed by Subtitle 10 of Tile 12 of the Maryland Commercial Law Article.

Excluded from the Classes are those individuals who now are, or ever have been, an officer of Westlake as well as the spouses, parents, siblings and children of all such individuals.

The Classes shall consist of all persons so described, except that they shall not include the following persons who timely opted out of the Classes in writing to the Class Administrator:

a) Matthew A. Cole with account ending in 9409; and
b) Inka O. Ward and Edward Simon Jr. with account ending in 9100.

3. The Court finds that the mailed notice given to potential Class Members who were involved in transactions with Westlake was the best notice practicable under the circumstances and satisfies the requirements of due process and FED. R. CIV. P. 23.

4. The Court appoints Ashley McDaniels as Representative Plaintiff of the Classes and finds that she meets the requirements of FED. R. CIV. P. 23.

5. The Court appoints the following lawyer as counsel to the Classes and finds that this attorney meets the requirements of FED. R. CIV. P. 23:

> Cory L. Zajdel (Fed. Bar No. 28191)
> Z LAW, LLC
> 301 Main Street, Suite 2-D
> Reisterstown, MD 21136

2

6.  The Court further finds that all the requirements for class certification are met in this case:

   a.   **The Prerequisites of FED. R. CIV. P. 23**:

FED. R. CIV. P. 23(a) requires the following four threshold elements be met in order for a class to qualify for certification: (1) the class is so numerous that joinder of all members is impracticable; (2) there are questions of law or fact common to the class; (3) the claim or defenses of the representative parties are typical of the claims or defenses of the class; and (4) the representative will fairly and adequately protect the interests of the class.

> **FED. R. CIV. P. 23(a)(1) (numerosity)**: The Repossession Class in this action consists of all persons whose consumer goods were repossessed by Westlake on or before July 22, 2011 in connection with an installment sale contract governed by Maryland's Credit Grantor Closed End Credit Provisions ("CLEC"), MD. CODE ANN., COMM. LAW. § 12-1001 *et seq.* This Court finds that 219 transactions meet the Repossession Class definition and, therefore, the Repossession Class is so numerous that joinder would be impracticable. The Interest Rate/Fee Class in this action consists of all persons who were charged interest at a rate greater than twenty-four percent (24%) and/or a convenience fee in connection with consumer credit contracts entered prior to July 22, 2011 that were financed by, assigned to, or acquired by Westlake and were governed by the CLEC. This Court finds that 3,050 transactions meet the Interest Rate/Fee Class definition and, therefore, the Class is so numerous that joinder would be impracticable. Thus, the Court finds that the numerosity requirement under FED. R. CIV. P. 23(a)(1) is satisfied.
>
> **FED. R. CIV. P. 23(a)(2) (commonality of facts and law)**: Representative Plaintiff alleged in this case that Westlake effected the repossession of Repossession Class Member vehicles through form notices of the pending sale and, thereafter, form notices of the claimed deficiency that failed to comply with

3

all of the requirements of CLEC and also violated Maryland's Consumer Protection Act, MD. CODE ANN., COMM. LAW § 13-101 *et seq.* Representative Plaintiff also alleged in this case that Westlake charged a rate of interest and certain fees in servicing Interest Rate/Fee Class Member credit accounts that were greater than allowed under Maryland law. The Court finds that a determination of the legality of Defendant's practices concern common questions of law and fact. As such the Court finds the requirements of FED. R. CIV. P. 23(a)(2) are satisfied.

**FED. R. CIV. P. 23(a)(3) (typicality of claims and defenses)**: This factor focuses on the consideration of whether the representative's interests are truly aligned and consistent with those of Class Members. In this case, Representative Plaintiff's claims are typical of the claims of the members of the Repossession and Interest Rate/Fee Classes. Thus, Representative Plaintiff's interests are aligned and consistent with those of the Class Members. The Court finds that the requirements of typicality under FED. R. CIV. P. 23(a)(3) are satisfied.

**FED. R. CIV. P. 23(a)(4) (adequate representation)**: Representative Plaintiff's claims are not conflicting or inconsistent with any Class Member claims. Moreover, the Court finds that the Classes are represented by able counsel with extensive experience in class action litigation. Both the Representative Plaintiff and Class Counsel have adequately represented the interests of the Classes. Thus, the Court finds that the requirements of adequate representation under FED. R. CIV. P. 23(a)(4) are satisfied.

b.   **Requirements of FED. R. CIV. P. 23(b)**:

After the requirements of FED. R. CIV. P. 23(a) are found to exist, the Court must determine pursuant to FED. R. CIV. P. 23(b) whether this case may be maintained as a class action under FED. R. CIV. P. 23(b)(1), (b)(2) or (b)(3).

**FED. R. CIV. P. 23(b)(3)**: This Court finds that the allegations in this case focus

on uniform and consistent practices and that there are common, over-riding legal claims held by all Class Members regarding the legality of the form repossession notices and the post-sale accounting in the transactions of the members of the Repossession Class, as well as the interest rates and servicing charges assessed to members of the Interest Rate/Fee Class. The Court further finds that the pursuit of numerous individual cases which would be essentially identical would be a waste of judicial time and resources. In summary, common questions predominate over individualized questions and a class action suit is the superior vehicle to efficiently adjudicate this lawsuit. Certification under FED. R. CIV. P. 23(b)(3) is appropriate.

7. This Court finds that the settlement is fair, adequate, and reasonable after due consideration of: the Representative Plaintiff's likelihood of success at trial; the range of Representative Plaintiff's possible recovery; the range of possible recovery at which a settlement is fair, adequate, and reasonable; the complexity, expense and duration of the litigation; the substance and amount of opposition to the settlement and the state of proceedings at which the settlement was achieved; the lack of any timely objections; all written submissions, affidavits and arguments of counsel; and after mailing two notices and a hearing. Accordingly, the Settlement Agreement is approved and shall govern all issues regarding the settlement and all rights of the parties to this settlement, including the Class Members. Each Class Member shall be bound by the Agreement including the releases in the Settlement Agreement, which are hereby incorporated by reference and become part of the final judgment in this action.

8. The parties are hereby ORDERED to carry out their respective obligations under the Settlement Agreement.

9. The Settlement Administrator is hereby DIRECTED to pay all Interest Rate/Fee Class Members who are obligors on the 2,907 Eligible Credit Accounts within fifteen (15) days after the Effective Date in accordance with the formula set forth in the Settlement Agreement.


The $1,478.53 deposited by the Settlement Administrator on August 30, 2013 resulting from Westlake's adjustments to Class Member accounts in response to this Court's Order (ECF #58), shall not be distributed under the formula set forth in the Settlement Agreement.

10. The Settlement Administrator is hereby DIRECTED to distribute the August 30, 2013 deposited funds in accordance with the schedule identifying specific amounts owed to specific Class Members previously provided by Westlake to the Settlement Administrator.

11. In accordance with the Settlement Agreement, within five (5) days after the Effective Date, the Settlement Administrator shall pay or take all reasonable steps to transfer, assign or release the following funds, out of the Settlement Fund, to the IOLTA Trust Account of Z Law, LLC:

>   (i) Attorneys' fees totaling $192,002.10.
>
>   (ii) Litigation expenses totaling $537.25.
>
>   (iii) Incentive payment totaling $5,000.00 for the Representative Plaintiff Ashley McDaniels to award the Representative Plaintiff for her participation in this action.

12. The Court has reviewed the invoices of the Settlement Administrator submitted after Named Plaintiff's Motion for Final Approval and approves the payment of invoice number 12-2915 in the amount of $8,018.50 and authorizes the Settlement Administrator to release monies in that amount to the Settlement Administrator's own operating account upon receipt of notice from both Plaintiff's and Westlake's counsel that the Effective Date has been reached. In addition, the Settlement Administrator is authorized to set aside an additional $7,705.00 for the estimated time and expenses associated with invoice number 14-3078. The Settlement Administrator must file a final invoice of actual time and expenses with the Court within one hundred eighty (180) days from the docketing of this Order and upon approval may release the approved amount to the Settlement Administrator's own operating account.

13. The Court hereby approves the protocol for distributing the unclaimed settlement funds set forth in the Settlement Agreement as fair, reasonable, and warranted under the

circumstances. In accordance with the Settlement Agreement, any residue from the Settlement Fund shall create a *cy pres* fund. The *cy pres* fund shall be donated to Legal Aid Bureau, Inc. in accordance with the terms of the Settlement Agreement.

14. Pursuant to FED. R. CIV. P. 54(b), all Released Claims against the Released Persons (as those terms are defined in the Settlement Agreement) are hereby dismissed on the merits and with prejudice.

15. Each and every Class Member is permanently enjoined from bringing, joining, assisting in, or continuing to prosecute against any of the Released Persons for any of the Released Claims.

16. Representative Plaintiff's individual claim against the Released Persons (as those terms are defined in the Individual Settlement Agreement) is hereby dismissed on the merits and with prejudice.

17. Representative Plaintiff is permanently enjoined from bringing, joining, assisting in, or continuing to prosecute against any of the Released Persons for any of the Released Claims.

18. Without further order of the Court, the Parties may agree to reasonable extensions of time to carry out any of the provisions of the Settlement Agreement. *The Clerk is directed to close this case.* ELH

19. *Nevertheless,* This Court retains jurisdiction of all matters relating to the interpretation, administration, implementation, effectuation and enforcement of the Settlement Agreement. The Court further retains jurisdiction to enforce this Order.

Dated: February 7, 2014.

Ellen L. Hollander
Ellen Lipton Hollander
United States District Judge